UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Betty G. Korfe,

          Plaintiff,

v.

Michael Astrue,

          Defendant.

Civil No. 09-3163 (ADM/JJG)

REPORT AND RECOMMENDATION

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendant Michael Astrue's Motion to Dismiss or for Summary Judgment (Doc. No. 9). The case was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636. The Court recommends that the Motion be granted and the case be dismissed as time-barred.

**I.    BACKGROUND**

Plaintiff Betty Korfe commenced this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security, Defendant Michael Astrue, that she was not disabled or entitled to disability insurance benefits. Plaintiff's application for disability insurance benefits was denied by an administrative law judge on November 9, 2006. Plaintiff then requested review by the Appeals Council, which denied her request on April 25, 2007. The Appeals Council informed Plaintiff she had sixty days to seek judicial review by filing a civil action, but Plaintiff did not pursue review within the sixty day period.

At some point, presumably in September 2009, Plaintiff requested more time from the Appeals Council to seek review. On September 30, 2009, the Appeals Council granted Plaintiff's

request and extended her deadline to October 30, 2009, plus five days for mailing. Plaintiff commenced this action by filing a complaint on November 12, 2009.

Defendant moves for dismissal or summary judgment because Plaintiff did not file a complaint within sixty days of the Commissioner's final decision or within thirty days of the extended deadline. Plaintiff did not respond to the motion, nor did she file a motion for summary judgment as contemplated by District of Minnesota Local Rule 7.2. Plaintiff's time to respond or move for summary judgment has now expired.

## II.  STANDARD OF REVIEW

The Court will treat Defendant's motion as one for summary judgment under Federal Rule of Civil Procedure 56, rather than for dismissal under Rule 12(b), because the Court has considered materials outside the pleadings. In addition, Local Rule 7.2 provides that social security cases are to be resolved on cross-motions for summary judgment, and thus, Plaintiff should not profess surprise at the Court proceeding under Rule 56.

Summary judgment is proper if there are no genuine disputes of material fact and the nonmoving party fails to establish an essential element of his or her claim for which he or she bears the burden of proof. Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the burden to show that the material facts are not in dispute, and a court must view the facts favorably toward the nonmoving party. *Mems v. City of St. Paul*, 224 F.3d 735, 738 (8th Cir. 2000). The nonmoving party may not respond with mere allegations or denials but must present specific facts creating an authentic issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**III. DISCUSSION**

A social security benefits claimant must seek judicial review of the final decision of the Commissioner within sixty days, or as otherwise allowed by the Commissioner.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). A claimant is presumed to have received the Commissioner's final decision five days after the date on the Appeals Council's notice. *See* 20 C.F.R. § 422.210(c).

In this case, the Appeals Council denied Plaintiff's request for review on April 25, 2007. Plaintiff failed to commence a civil action within sixty days of receiving the Appeals Council's notice, but later sought and received an extension of time to October 30, 2009, plus a five day grace period for mailing, to file her complaint. The deadline for Plaintiff to seek judicial review therefore expired on November 4, 2009. Plaintiff did not commence this action until November 12, 2009, and she has offered no explanation for her failure to comply with the deadline. Accordingly, this action should be dismissed as untimely. *See Sahu v. Astrue*, 321 F. App'x 529, 530 (2009) (affirming dismissal on similar facts).

**IV. RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendant Michael Astrue's Motion to Dismiss or for Summary Judgment (Doc. No. 9) be **GRANTED** and this case be **DISMISSED**.


Dated: May 25, 2010

                                              s/ *Jeanne J. Graham*
                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 10, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.